IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERAE PALMER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-202 |
| ) | Judge Cathy Bissoon |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | Re: ECF No. 19 |
| Defendant. ) | |
| ) | |

## **MEMORANDUM ORDER**

Pending before the Court is the Motion for Sanctions for Failure to Engage in Mediation in Good Faith (the "Motion for Sanctions") filed by Plaintiff Jerae Palmer. ECF No. 19. After consideration of the instant Motion, the Motion for Sanctions will be DENIED.

### I. PROCEDURAL HISTORY

Plaintiff Jerae Palmer ("Plaintiff" or "Palmer") initiated the instant action by filing a Complaint in Civil Action on February 15, 2015. ECF No. 1. Plaintiff alleges claims of sex and disability discrimination against Federal Express Corporation ("Defendant" or "FedEx"), her former employer.

On June 29, 2015, the parties filed a Stipulation Selecting ADR Process. ECF No. 11. In the Stipulation, the parties agreed to ADR in the form of mediation with Attorney Kathryn Kenyon serving as the mediator. In the Stipulation, Defendant listed Bernice Boyden, Human Resources Advisor, as the corporate representative who would be participating in the mediation. Id. at IV.

United States District Judge Cathy Bissoon conducted the initial case management conference on June 30, 2015. ECF No. 12. The parties acknowledge that, during the conference, Judge Bissoon stated that Defendant should have a representative other than the Human Resources Advisor available for the mediation as it was Judge Bissoon's experience that a Human Resources Advisor did not have full settlement authority. ECF No. 19 ¶ 11. Thereafter, Judge Bissoon issued an Order referring the case to mediation with Attorney Kenyon. ECF No. 14.

The mediation was conducted on August 21, 2015. A Report of Neutral was filed reporting that the case had not resolved. ECF No. 15.

## II. PLAINTIFF'S MOTION FOR SANCTIONS

Almost two months after the mediation, Plaintiff filed the instant Motion for Sanctions on October 13, 2015. ECF No. 19. Plaintiff alleges that Defendant failed to engage in the mediation in good faith. Specifically, Plaintiff asserts that Defendant failed to bring a corporate representative to the mediation. Id. ¶¶ 9-15. Second, Plaintiff complains that Defendant failed to make a meaningful settlement offer. Id. ¶¶ 16-23.

Defendant opposed the Motion for Sanctions. ECF No. 26. Defendant argues that it complied with the direction of Judge Bissoon relative to its attendee at the mediation. Id. at pp. 5-7. Defendant also contends that it engaged in meaningful negotiations during the mediation. Id. at pp. 2-4.

## III. MOTION REFERRAL AND TELEPHONE CONFERENCE

The pending Motion for Sanctions was internally referred to the undersigned, as a member of the Case Management and ADR Committee, for adjudication in accordance with

2

Section 2.4 of the ADR Policies and Procedures of the United States District Court for the Western District of Pennsylvania. ECF No. 18.

Following the referral, this Court scheduled a telephone conference relative to the Motion for Sanctions. ECF No. 27. The telephone conference was conducted with all counsel on November 18, 2015. ECF No. 28. During the conference, the Court reviewed the chronology of events relative to the mediation. The parties explained their respective positions on the two issues raised by Plaintiff in the Motion for Sanctions. Id. At the conclusion of the conference, all counsel agreed to have this Court rule on the Motion for Sanctions based on the written submissions. Id.

## IV. DISCUSSION

### A. Attendance of Corporate Representative at Mediation

Plaintiff argues that at the Initial Case Management Conference, in the context of discussion of the Stipulation Selecting ADR Process, that Judge Bissoon stated that a Human Resources Advisor does not typically have full authority to settle a case. As such, she stated that Defendant should have a corporate representative, other than the Human Resources Advisor, at the mediation.

Plaintiff's counsel asserts that when she arrived at the mediation with her client, Mediator Kenyon informed her that Attorney Ashley Patterson was there for Defendant. Plaintiff's counsel asked if Patterson was alone and Mediator Kenyon responded affirmatively. Mediator Kenyon explained that, in response to a pre-mediation telephone call from defense counsel, Kenyon had stated that Defendant did not have to bring a second corporate representative.

Plaintiff argues that Defendant did not participate in good faith in the mediation because Defendant's in-house counsel did not bring a separate corporate representative. Therefore,

3

Plaintiff seeks the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f)(2) for failure to obey a Court order.

In opposing the instant Motion, Defendant argues that it did not violate a Court order. In Defendant's Response to Plaintiff's Motion for Sanctions, Defendant argues that in-house counsel attended the mediation with "settlement authority to offer the full amount that Defendant was willing to settle for at that stage of the litigation based on Defendant's evaluation of the case and the information available to it at that time, without having to obtain additional approvals." ECF No. 26 at p. 5.

During the conference call with this Court, defense counsel acknowledged that prior to the mediation that in-house counsel had called Attorney Kenyon and obtained approval not to bring an additional corporate representative. ECF No. 28.

Federal Rule of Civil Procedure 16 governs the pretrial management of cases by the federal courts. Rule 16 also provides for sanctions when counsel, a party or both, fail to abide by orders of the Court. The United States Court of Appeals for the Third Circuit has explained:

> Rule 16 governs the scheduling and management of pretrial conferences. The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings. The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement. Accordingly, Rule 16(a) provides that the court may, in its discretion, direct the attorneys for parties to appear before it for pre-trial conferences "for such purposes as . . . facilitating the settlement of the case." If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such orders with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Thus, Rule 16 authorizes courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith.

\* \* \*

> The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases.

Newton v. A.C. & S., 918 F. 2d 1121, 1126 (3d Cir. 1990).

Rule 16(f) provides that upon a motion, or on its own, a court may issue sanctions if a party or its attorney:

> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). See Tracinda Corp. v. Daimlerchrysler, AG, 502 F. 3d 212, 242 (3d Cir. 2007) (observing that whereas sanctions imposed pursuant to court's inherent authority generally require finding of bad faith, Rule 16(f) contains no such requirement).

In the case at issue, it is undisputed that Judge Bissoon informed the parties at the Initial Case Management Conference that a Human Resources Advisor, such as the person designated by Defendant as a participant in the Stipulation Selecting ADR Process, does not typically have full settlement authority. It is also undisputed that Judge Bissoon did not issue an order directing a specific corporate representative of Defendant to attend the mediation. It is further undisputed that in-house counsel contacted Mediator Kenyon, inquired whether in-house counsel could attend with full authority and was given permission by Mediator Kenyon not to bring a second corporate representative. ECF No. 26-1 ¶ 15. As such, in-house counsel attended the mediation as Defendant's corporate representative with full authority, as permitted by the mediator.

Section 2.7 of the ADR Policies and Procedures of this Court expressly provides:

**2.7 ATTENDANCE AT SESSION.**

> A. Parties. Each party must attend the selected ADR process session unless excused under paragraph D below. This requirement reflects the Court's view that the principal values of Alternate Dispute Resolution include affording litigants an opportunity to articulate their positions and to hear, first hand, both their opponent's version of the matters in dispute and a neutral assessment of the merits of the case.
>
>> 1. Corporation or Other Entity. A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a decision maker(s) (other than outside counsel) who has full settlement authority and who is knowledgeable about the facts of the case.
>>
>> 2. Government Entity. A unit or agency of government satisfies this attendance requirement if represented by a person who has, to the greatest extend feasible, full settlement authority, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.
>>
>> 3. Any party who fails to have physically in attendance the necessary decision maker(s) will be subject to sanctions.
>
> B. Counsel. Each represented party must be accompanied at the selected ADR process session by the lawyer who will be primarily responsible for handling the trial of the matter. If a party is proceeding pro se, a request may be made to the Court to name a pro bono attorney to represent the pro se litigant at the selected ADR process session.
>
> C. Insurers. Insurer representatives, including, if applicable, risk pool representatives, are required to attend in person unless excused under paragraph D below, if their agreement would be necessary to achieve a settlement.
>
> D. Request to be Excused. A person who is required to attend the selected ADR process session may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must file a motion with the assigned Judicial Officer, no fewer than 15 days before the date set for the session, simultaneously copying the Arbitration Clerk (if

applicable), all other counsel and unrepresented parties and the neutral(s). The motion seeking excuse from the selected ADR process session must:

1. Set forth with specificity all considerations that support the request;
2. State realistically the amount in controversy in the case;
3. Indicate whether the other party or parties join in or object to the request; and
4. Be accompanied by a proposed order.

E. Participation by Telephone. A person excused from attending the selected ADR process session in person must be available to participate by telephone.

Based on the facts of this case, this Court does not find that Defendant engaged in conduct constituting bad faith. First, Defendant did not violate Section 2.7(A)(1) as Defendant had a corporate representative, other than outside counsel, with full authority and knowledge of the facts of the case attend the mediation. Second, absent a court order expressly directing a specific corporate representative, by name, to participate in the mediation, Mediator Kenyon had the authority and discretion to make decisions relative to the conduct of the mediation as she determined appropriate and/or necessary. For these reasons, the Motion for Sanctions as to the attendance of Defendant's corporate representative is denied.

It is important to note that this portion of the dispute again raises an issue that this Court has observed all too often – the failure of the parties to clearly communicate prior to the mediation. If the parties had communicated with each other regarding the identity of Defendant's corporate representative, this issue could have been resolved in advance of the mediation. Furthermore, Section 3.6 of this Court's ADR Policies and Procedures expressly provides as follows:

**3.6 TELEPHONE CONFERENCE BEFORE MEDIATION**

The mediator must schedule a brief joint telephone conference with counsel and any unrepresented parties before the mediation session to discuss matters such as the scheduling of the mediation, the procedures to be

7

followed, the nature of the case, and which client representatives will attend.

In this case, the use of the pre-mediation telephone conference provided for in Section 3.6 would have facilitated constructive discussion in anticipation of the mediation, including the disclosure of the names of the corporate representative(s).

### B.  Failure to Enter Meaningful Settlement Negotiations

Plaintiff also asserts that sanctions should be imposed against Defendant for failure to enter into any "meaningful" settlement negotiations. ECF No. 19 at p. 10. Specifically, Plaintiff complains that the mediator did not initially communicate a counter-offer to her initial demand and when the mediator did communicate Defendant's offer, following a third caucus with Defendant, Defendant made an offer that was substantially lower than Plaintiff's demand. Id. at p. 4.

In opposing the instant Motion, Defendant argues that it did engage in meaningful negotiations during the mediation. ECF No. 26 at pp. 2-4. Defendant asserts that it made an offer based on Defendant's evaluation of the case and belief that it had a strong chance of prevailing on a motion for summary judgment. Further, Defendant denies that it had the limited authority that Plaintiff alleges. In addition, Defendant contends that its corporate representative could have been persuaded to offer additional money if Plaintiff provided a reason during the mediation. Id. at p. 2.

This Court has consistently held that sanctions are imposed solely on a party's refusal to participate in a mediation in good faith, not for the refusal to settle. As Magistrate Judge Lisa Lenihan held in Vay v. Huston, 2015 WL 791430, *3 (W.D. Pa. Feb. 25, 2015):

> The Western District Court does not require that a party settle a case. It does not require that plaintiffs make demands or that defendants make offers. It does, however, require that the parties engage in an ADR process in good

8

faith. If the parties indicate that they will be engaging in a mediation process, a plaintiff would be proceeding in bad faith if he or she refuses to make a demand for settlement. Likewise, a defendant would be proceeding in bad faith if the defendant refused to make an offer. See, e.g., Grigoryants v. Safety–Kleen Corp., No. 11–267E, 2014 WL 2214272, at *5 (W.D. Pa. May 28, 2014). See also Arneault v. O'Toole, No. 1:11–95, 2014 WL 1117900, at *3 (W.D. Pa. Mar. 11, 2014).

In the instant case, Plaintiff seeks sanctions because she appears to be frustrated with the amount of the offer made by Defendant in light of its valuation of the case and her claims. This difference of opinion as to the settlement value does not constitute bad faith. Accordingly, this Court does not find that Defendant refused to engage in meaningful settlement negotiations. For these reasons, the Motion for Sanctions as to Defendant's participation in meaningful settlement negotiations is denied.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Sanctions for Failure to Engage in Mediation in Good Faith, ECF No. 19, is DENIED.

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 18, 2015

cc: The Honorable Cathy Bissoon
United States District Judge

All counsel of record via CM/ECF

9